Lutheran Church of the Risen Christ, Mo. Synod v Atlantic Dist. of the Lutheran Church Mo. Synod

2026 NY Slip Op 02260

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lutheran Church of the Risen Christ, Missouri Synod, appellant,

v

Atlantic District of the Lutheran Church Missouri Synod, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-01539, (Index No. 525890/20)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Law Office of Rosemarie Barnett, PLLC, Freeport, NY (Daniel Graham of counsel), for appellant.

Capell Barnett Matalon & Schoenfeld LLP, New York, NY (Michelangelo Macchiarella of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 23, 2022. The order granted the motion of the defendant Atlantic District of the Lutheran Church Missouri Synod pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Atlantic District of the Lutheran Church Missouri Synod pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied.

The plaintiff is a local member congregation of the Lutheran Church that historically conducted its services on certain property owned by the defendant Atlantic District of the Lutheran Church Missouri Synod (hereinafter Synod), a local district of the Lutheran Church, in Brooklyn (hereinafter the church property). In December 2020, the plaintiff commenced this action against Synod, and another defendant, inter alia, to impose a constructive trust on the church property and for judgment declaring the plaintiff the owner of the church property. The complaint alleged, among other things, that Synod held the church property in trust for the plaintiff, as the beneficial owner, and that Synod wrongfully ousted the plaintiff from the church property in March 2020 following a series of disputes between the plaintiff and Synod. Synod moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, arguing, inter alia, that resolution of the causes of action requires review of ecclesiastical matters over which the Supreme Court lacked subject matter jurisdiction. In an order dated December 23, 2022, the court granted Synod's motion. The plaintiff appeals.

"'The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs'" (Eltingville Lutheran Church v Rimbo, 174 AD3d 856, 857-858, quoting Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286; see Chestnut v United [*2]Methodist Church, 230 AD3d 182, 196). "However, a court may resolve church property disputes 'when the case can be decided solely upon the application of neutral principles of . . . law, without reference to any religious principle'" (Eltingville Lutheran Church v Rimbo, 174 AD3d at 857-858 [internal quotation marks omitted], quoting Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286). "'The neutral principles of law approach requires courts to apply objective, well-established principles of secular law to the issues,' and '[i]n doing so, courts may rely upon internal documents, such as a congregation's bylaws, but only if those documents do not require interpretation of ecclesiastical doctrine'" (Chestnut v United Methodist Church, 230 AD3d at 197, quoting Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286).

Here, contrary to Synod's contention, it failed to demonstrate that the causes of action cannot be resolved solely upon the application of neutral principles of law, without reference to any religious principle (see Escobar v Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios, 232 AD3d 719, 720; Chestnut v United Methodist Church, 230 AD3d at 197; cf. Eltingville Lutheran Church v Rimbo, 174 AD3d at 857-858). Accordingly, Synod's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it should have been denied.

Synod's remaining contentions are without merit.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court